## (March 15, 1973)

■ In the Matter of JOHN J. NASH, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered April 1, 1971 in Queens County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of the Administrative Board of the Judicial Conference classifying him as a Court Clerk I and directing that he be reclassified as a Court Clerk II as of July 1, 1966. The appeal was transferred to this court for disposition (CPLR 5711). On July 1, 1966, pursuant to the classification plan issued by the Administrative Board of the Judicial Conference, respondent's position of Court Clerk was converted to the title of Court Clerk I. Respondent, considering this classification as a demotion, brought an article 78 proceeding urging that the duties he carried out and the work performed by assignment included functions of a Senior Court Clerk, which entitled him to the converted title of Court Clerk II. The pivotal issue, critical to these reclassification cases, is whether the duties performed of the higher title were in-title or out-of title, to the position held. If out-of title, that work can never serve as a basis for reclassification to the higher position (*Matter of Ainsberg* v. *McCoy,* 26 N Y 2d 56; *Matter of Mandle* v. *Brown,* 5 N Y 2d 51), since that would constitute a promotion without competitive examination in violation of the Civil Service Law. On the other hand, if an employee's in-title duties include those of a higher position, the performance of those duties may provide a basis for a higher classification. Such is the case at hand. One of the duties of respondent as a Court Clerk was to perform the duties of Senior Court Clerk when required, and this, undisputedly, he did for a considerable period of time. That the duties he was actually performing were an admixture of the duties of a Court Clerk and Senior Court Clerk is borne out by the fact that, after a hearing, the Administrative Board increased respondent's position evaluation two grades to Court Clerk II but continued the converted title to Court Clerk I. The record supports the determination of the court below that the performance of the duties of Senior Court Clerk by respondent was required and therefore the duties were in-title, and that the position of Senior Court Clerk was noncompetitive (*Matter of Ainsberg* v. *McCoy, supra; Matter of Bassin* v. *McCoy,* 36 A D 2d 917; *Matter of Augello* v. *McCoy,* 35 A D 2d 634). Judgment affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.